# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUALON EUGENE HAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-1279-M |
| | ) | |
| MIKE ADDISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to an order entered by Chief United States District Judge Vicki Miles-LaGrange, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and it is recommended that the petition be dismissed upon filing as untimely.

By this action, Petitioner challenges his convictions for first degree murder and possession of a firearm after former conviction of a felony following a jury trial, for which he was sentenced to life imprisonment on the first degree murder conviction and three years imprisonment on the felon in possession charge to be served concurrently. Petition, 1-2. Case No. CF-2005-4385, District Court of Oklahoma County. Petition, 1. Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals affirmed his convictions on December 13, 2007. Petition, 2; Case. No. F-2006-756, Oklahoma Court of Criminal Appeals. Petitioner did not file a petition for certiorari with the United States Supreme

Court. Petition, 2. Petitioner did file an application for post-conviction relief on March 13, 2009, and the state district court denied the application on April 13, 2009. Petition, 3. Petitioner appealed that denial, and the Oklahoma Court of Criminal Appeals affirmed on June 18, 2009. Petition, 17. Case No. PC-2009-449, Oklahoma Court of Criminal Appeals. The petition for federal habeas relief was filed in this Court on November 29, 2010. Petition, 1.

Petitioner raises eight grounds for relief. First, he claims that the evidence was insufficient in light of a key witness who testified that Petitioner did not shoot the victim or possess a firearm. Petition, 4. Second, he claims that the trial court erred in failing to give an instruction regarding accomplices. Id. at 6. Third, he claims that the trial court erred in failing to give a self defense instruction and an instruction on lesser included offenses. Petition, 8. Fourth, Petitioner claims that the trial court erred in allowing evidence of other crimes. Petition, 10. In Ground Five, Petitioner claims that the jury's verdict was contrary to the law and evidence. Petition, 11. In his sixth ground, Petitioner again alleges insufficiency of the evidence . Petition, 12. Seventh, Petitioner alleges ineffective assistance of trial counsel. Petition, 14. Eighth, and finally, Petitioner claims that his convictions were obtained through false testimony. Petition, 15.

## I. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally,

"district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. This Report and Recommendation provides both fair notice and an opportunity for Petitioner to present his position by filing an objection to the Report and Recommendation. When raising the issue sua sponte, the district court must also "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." Id. (internal quotation marks omitted); Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007).[1] Finally, a Court may dismiss a § 2254 habeas petition sua sponte only if the petition is clearly untimely on its face. Kilgore v. Attorney General of Colorado, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the petition shows that the petition is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## II. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one year limitations period governing the claims of a habeas petitioner in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one year limitations period runs from the

---

[1]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C) or (D), the limitations period generally begins to run from the date on which the conviction becomes final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner's direct appeal was concluded on December 13, 2007, and thus the one-year limitation began to run on or about March 13, 2008, after the 90 day time period to file a petition for certiorari in the United States Supreme Court expired. Petition, 2. See 28 U.S.C. § 2101; see also Sup. Ct. R. 13; Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001); see Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). Thus, the limitations period expired on March 13, 2009, absent statutory or equitable tolling.

## A. STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period will toll it. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Petitioner alleges that he filed a state post-conviction application on March 13, 2009, that was denied by the state district court on April 13, 2009, and affirmed by the Oklahoma Court of Criminal Appeals on June 18, 2009. Petition, 3, 17. Thus, the limitations period was tolled on March 13, 2009, the last day of the one year AEDPA period. The limitations period began to run again on June 18, 2009, when the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief and expired at the latest on June 19, 2009. Accordingly, even with this statutory tolling, the petition was filed one year, five months, and ten days after the limitation period expired.

## B. EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control."

5

Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. Cooper v. Bravo, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller, 141 F.3d at 978).

Petitioner does not address the issue of timeliness,[2] and therefore raises no particular argument as to why the limitations period should be equitably tolled. However, even if Petitioner could show that he was unable to timely file due to extraordinary circumstances beyond his control, it is clear that he did not diligently pursue his federal claims. Petitioner waited until the very last day of the AEDPA one-year period to file his application for state post conviction relief, and then waited well over another year after his post-conviction proceeding was concluded to bring this action.[3] "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). In light of this delay, equitable tolling is not appropriate. Accordingly, it is recommended that the petition be dismissed on filing as untimely.

In making this recommendation, the undersigned has considered whether the

---

[2]In fact, the section of the form petition which requests information about the "timeliness" of the petition has been modified to request information regarding the "timeline of petition." In that section, Petitioner merely relates the same dates referred to above regarding the date of his conviction, the date of affirmance, and the dates his state post-conviction application was filed, denied, and affirmed. See Petition, 18.

[3]The undersigned notes that during this same time, Petitioner was prosecuting another habeas petition regarding a different conviction, which militates against any inference that he was somehow unable to pursue the claims raised in this action. See Hawkins v. Addison, No. CIV-09-1070 (filed Sept. 29, 2009).

6

Petitioner is significantly prejudiced thereby and whether the interests of justice would be better served by addressing the merits of the petition. See Day, 547 U.S. at 210; Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007). The undersigned finds no significant prejudice in that Petitioner's claims are of doubtful merit based on the deferential standard of review and the fact that some of the claims appear to raise state law issues. Thus, the undersigned finds that the interests of justice are better served by a resolution based on the untimeliness of the petition.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 27, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Dated this 6th day of December, 2010.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE